# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

CRAIG BOESING,                            )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )          No. 4:13CV02207 ERW
                                          )
RICHARD TILLMAN, et al.,                  )
                                          )
            Defendants.                   )

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e).  Under 28 U.S.C. § 1915(e), the Court must dismiss an action filed in forma pauperis if the allegations are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant immune from such relief.  On review of plaintiff's original complaint, the Court found that it failed to state a claim upon which relief can be granted.  The Court informed plaintiff of the defects in his allegations, and the Court permitted plaintiff the opportunity to cure those defects.  Because the amended complaint fails to state a viable claim for the same reasons as the original complaint, the Court will dismiss this action without further proceedings.

**The Amended Complaint**

This cause of action arises under 42 U.S.C. § 1983.  Defendants Richard Tillman, John Doe, and Unknown Hoots are alleged to have been police officers for the St. Louis County Police Department.  Defendant Roland Corvington is alleged to have been a member of the St. Louis County Police Board.  Plaintiff claims that on September 9, 2013, he began running away when he saw several police cars approaching him.  Plaintiff says that when he realized he could not escape them, he stopped running, put his hands in the air, and got down on the ground.

Plaintiff alleges that defendant Tillman then jumped on his back, punched him, handcuffed him, and punched him again.  Plaintiff claims that defendants Doe and Hoots were laughing at him.  He asserts that Tillman put the handcuffs on so tight that his hands were turning blue, and he claims that Tillman refused to loosen the cuffs.  Plaintiff also claims that defendant Corvington failed to properly train or supervise the police officer defendants.

**Discussion**

The complaint is silent as to whether defendants are being sued in their official or individual capacities.  As the Court explained in its previous Memorandum and Order, where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-

capacity claims." <u>Egerdahl v. Hibbing Community College</u>, 72 F.3d 615, 619 (8th Cir. 1995); <u>Nix v. Norman</u>, 879 F.2d 429, 431 (8th Cir. 1989).  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).  To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation.  <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted, and the Court will dismiss this action without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

 A separate Order of Dismissal will be filed forthwith.

So Ordered this 24th day of January, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE